**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| MATTHEW LEE DULANEY, | : |
|  | : Civil Action No. 14-4224(NLH) |
| Petitioner, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| J. HOLLINGSWORTH, | : |
|  | : |
| Respondent. | : |
|  | : |

---

**APPEARANCES:**

Matthew Lee Dulaney
F.C.I. Fort Dix
P.O. Box 38
Fort Dix, NJ  08640
        Petitioner pro se

Paul A. Blaine
Office of the U.S. Attorney
Camden Federal Bldg. and U.S. Courthouse
401 Market Street
4th Floor
Camden, NJ 08101
        Counsel for Respondents

**HILLMAN**, District Judge

        Petitioner Mathew Lee Dulaney, a prisoner currently

confined at the Federal Correctional Institution at Fort Dix,

New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  Because it appears from a review of the Petition that this Court lacks jurisdiction, in habeas, to consider Petitioner's claims, the Petition will be dismissed. See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner asserts that Warden Hollingsworth is violating his First Amendment right to free exercise of his religion,[2] as a Messianic Sabbatarian, by categorizing the Hebrew Israelite religion as being part of the Messianic Sabbatarian religion, by refusing to order religious supplies for the Messianic Sabbatarian religious group, and by refusing to provide a place for services by the Messianic Sabbatarian religious group separate from the Hebrew Israelite religious group.

Plaintiff seeks an order from this Court directing Warden Hollingsworth to place a previously-approved order for certain

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] The First Amendment to the U.S. Constitution provides, in pertinent part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ... ."  U.S. Const., amend. I.

religious materials and to arrange for a place and time for the
Messianic Sabbatarians to have services separate from those of
the Hebrew Israelites.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in
relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless
> it appears from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble,
429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520
(1972).  A pro se habeas petition must be construed liberally.
See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).
Nevertheless, a federal district court can dismiss a habeas
corpus petition if it appears from the face of the petition that
the petitioner is not entitled to relief.  See Denny v. Schult,
708 F.3d 140, 148 n.3 (3d Cir. 2013).  See also 28 U.S.C.
§§ 2243, 2255.

## III.   ANALYSIS

A habeas corpus petition is the proper mechanism for a
federal prisoner to challenge the "fact or duration" of his
confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973),

3

including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991), and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237, 243 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas, because community confinement is "'qualitatively different from confinement in a traditional prison'" (citation omitted)).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (entertaining challenge to Bureau of Prisons refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal

4

sentences could run concurrently).  <u>See also</u> <u>George v. Longley</u>, 463 F.App'x 136 (3d Cir. 2012) (citing <u>Coady</u> and <u>Barden</u>).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." <u>Woodall</u>, 432 F.3d at 237.  Therefore, to the extent a prisoner challenges only his conditions of confinement, such claims must be raised by way of a civil rights action.

> [W]henever the challenge ultimately attacks the "core of habeas" -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

<u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002).  <u>See also</u> <u>Bonadonna v. United States</u>, 446 F.App'x 407 (3d Cir. 2011) (holding that District Court properly dismissed § 2241 petition for lack of jurisdiction where petitioner's allegation of deficient medical care does not "'spell speedier release,'" and thus does not lie at "'the core of habeas corpus.'" (citations omitted)).

Here, Petitioner's challenges regarding alleged violations of his right to free exercise of his religion go only to the conditions of his confinement.  Accordingly, this Court lacks jurisdiction in habeas to consider Petitioner's claims.  <u>See</u>,

e.g., Izac v. Norwood, Civil No. 10-4744, 2010 WL 3810216, *2

(D.N.J. Sept. 23, 2010).

IV.  CONCLUSION

For the reasons set forth above, the Petition will be

dismissed without prejudice to Petitioner raising his claims in

a new and separate civil rights action.  An appropriate order

follows.

At Camden, New Jersey                        s/Noel L. Hillman
                                      Noel L. Hillman
                                      United States District Judge

Dated:  July 28, 2014